## GERLACH v FARMER

Ohio Appeals, 2nd Dist, Franklin Co.

Decided October 4, 1940.

Robert R. Shaw, Columbus, for appellee.

Thomas J. Potts, and Chapin B. Beem, Columbus, for appellant.

528

## OPINION

By GEIGER, J.

This matter is before this court upon appeal from the judgment of the Court of Common Pleas, the entry of that court being as follows:

"This cause coming on for rehearing and having been argued orally, the court finds that the lower court erred in failing to sustain appellant's motion to dismiss the trusteeship. Cause remanded to the Municipal Court for enforcement of this ruling."

The cause was begun in the Municipal Court under favor of §11728-1 GC, which, with its related statutes, provides for the collection from debtors through attachment or garnishment proceedings. The statute cited provides in substance that any person upon whom a demand has been made in accordance with §10272 GC (which section relates to garnishment proceedings against the personal earnings of a debtor) may apply to a judge of the Municipal Court for the appointment of a trustee to receive that portion of the personal earnings of the debtor not exempt from execution, and file his application with a complete statement of the names of his unsecured creditors, etc. Upon the filing of such application, the judge shall appoint a trustee to distribute such funds to the unsecured creditors of the debtor at the time of the application in the manner prescribed by §11728-1 GC. That section provides:

"No proceedings in attachment, in aid of execution or other action to subject the personal earnings of the debtor to the payment of claims shall be brought or **maintained** by any creditor listed in said statement * * *.

"The maintaining of a proceedings in attachment, aid of execution or otherwise in violation of the foregoing provision shall be void * * *." (Emphasis ours).

In substance, it is further provided that the judge shall provide by rule or otherwise for certain notices and proofs of claim, the time and manner of payment of the debtor, "and for all other matters necessary or proper to carry into effect the jurisdiction conferred by the section."

If application for a trustee be made to a judge he shall designate the clerk of the Municipal Court to act as trustee. The trusteeship shall terminate upon the failure of the debtor to make the payments required by this act, and in accordance with the rules established by the judge, and all privileges of immunity from garnishment or proceedings in aid of execution as to such personal earnings shall terminate upon such neglect.

It is apparent that this section is for relief of those distressed debtors whose wages have been or might be garnisheed under §10272 GC. The substance of the matter is that if such debtor goes into court and makes a disclosure of all his creditors and pays to a trustee the sums provided, he shall be relieved, and that the maintaining of proceedings in attachment shall be void. The amount to be paid by the debtor to the trustee to relieve him from attachment is that portion of the personal earnings of the debtor not exempt from execution, attachment or proceedings in aid of execution, which is to be paid to the trustee at regular intervals as fixed by the judge.

Under the provisions of the statute that the judge shall provide by rule for all matters necessary or proper to carry into effect the jurisdiction, the judges of the Municipal Court of Columbus, in 1930, adopted what has since been known and been in effect as rule No. 29, relating to trusteeships, and the appointment and conduct of the trus-

tee. The rule provides a time of hearing and notice, and, by Section 4, that at the time of such hearing any creditor shall be heard and have the right to interpose any objection to the appointment of the trustee, and that upon good cause being shown by the petitioner the court shall make an order granting the prayer of the petition.

Section 5 has in it the provision that has given rise to the controversy in this case. That section requires that, at the time of the filing of the petition, the petitioner must deposit with the clerk of the court at least 20 per cent of his wages earned within the thirty days immediately preceding the filing of his petition. If the petition is granted this 20 per cent shall be considered and applied as the first 20 per cent payment under §1558-54c GC. If the petition is dismissed, the deposit, after payment of costs, shall be returned to the petitioner.

Section 5 also provides that failure to comply with any order of the court within ten days from the time fixed by the court in its entry for the performance of any act, shall be considered sufficient cause for the dismissal of the trusteeship at petitioner's cost, and, upon such default, the trustee shall bring the matter to the attention of the court.

At the time that the defendant, Farmer, filed his application for the appointment of a trustee, in the Municipal Court, there was in the control of the court, or in possession of the clerk of the court, under attachment proceedings by Gerlach, plaintiff, appellee herein, funds of the defendant in the amount of 20 per cent of his previous month's earnings. One of the judges of the Municipal Court made an entry permitting the funds in the hands of the court to be held as the deposit required by the rule. Six days later, when the hearing was had on the petition for appointment of a trustee, another judge of the Municipal Court ruled that those funds could not be used as a deposit in the trust, but at the same time the court permitted Farmer to deposit forthwith with the court

such amount and thereupon granted the trusteeship.

The creditor, Wilbur Gerlach, appealed from this appointment to the Common Pleas Court of Franklin County, Ohio, which court dismissed the trusteeship upon the ground that the deposit had not been made on the date the petition was filed as required by rule 29 of the Municipal Court.

From this order of the Court of Common Pleas the appeal is taken.

The assignment of error is to the action of the Court of Common Pleas in reversing the order of the Municipal Court and dismissing the trusteeship.

Counsel for each side have filed comprehensive briefs. The main point at issue in these briefs, and the point upon which the judge of the Common Pleas Court dismissed the application, was the failure of the defendant at the time he made his application for trusteeship to deposit the 20 per cent of the wages earned within the preceding thirty days as required by the rules of the court.

The Municipal Court took the view that §11728-1 GC, was complete in itself, and that there was no provision in such section that 20 per cent or any other amount should be deposited at the time of the filing of the application for trusteeship, and that, therefore rule 29 violates, in this particular, the statutes. The Municipal Court overruled the motion to dismiss the trusteeship.

However, the Court of Common Pleas was of the opinion that the statute prescribed that the judge should provide by rule for all other matters necessary or proper to carry into effect the jurisdiction conferred by this section, and, having promulgated rule 29 by virtue of the authority thus granted, such rule must be abided by. The Common Pleas Court accordingly held that the failure of Farmer to deposit the 20 per cent with the court at the time he filed his application was fatal to the efficacy of the appointment, and that the trusteeship should be dismissed.

We can not follow the judge in this view of the matter. This statute was made for the protection of the indigent debtor seeking to place his per-

sonal earnings in the hands of a trustee, which trust should be a shield against the incessant bombardment of creditors seeking by garnishment to seize the small margin of his wages over his statutory exemptions.

The statute, having evidently been adopted for that purpose, we are not of the opinion that court rules should make it ineffective, nor are we at all convinced that the Municipal Court judge was wrong when he held that rule 29 was in conflict with the provision of the statute.

The statute makes no demand that the debtor deposit the 20 per cent, but the rule does. If the debtor follows the statute and files his application we are of the opinion that a rule may not be made which denies him the right given by the statute.

One municipal judge held that as the filing of the petition for a trustee under the statute prohibits the maintenance of any proceeding in attachment or garnishment, the money held by the clerk of the court under the garnishment became free money so far as the attachment is concerned, and could, with the consent of the debtor, be applied as his 20 per cent deposit.

However, another judge of the same court seems to have held, although there is no entry to that effect, that this money deposited with the clerk was not free money that could then be deposited to cover the requirement of the 20 per cent payment.

Thereupon, the court permitted Farmer, through the instrumentality of his attorney, to make a deposit of 20 per cent in order to comply with the rule of the court. The money thereby came into the possession of the trustee. It is claimed, however, that, the money not having reached the trustee's hands upon the date of the application for his appointment, but six days later, when the appointment was actually made, such a situation invalidated the appointment of the trustee. This seems to us to be trivial. The purpose of the statute was to protect the debtor from harrassment, and his

purpose was to deposit with a trustee his available funds to be distributed in equal amounts to his various listed creditors.

We think that his counsel's statement that a court having made rules has the right to vary them within limit is perfectly proper. and that the court in this case having only the thought of securing the 20 per cent deposit, had a right to permit it to be deposited at the time of the appointment of the trustee, instead of at the ime of the filing of the application. By rule 5 parties seem to have ten days to comply with the rule of the court.

We are not quite clear as to what the purpose of Mr. Gerlach is in pursuing his particular course of conduct in this case, but we suspect that in addition to the attachment on the money in the hands of the clerk, he either has or is ready to swoop down upon the money now in the hands of the trustee, to apply it to his particular claim, to the exclusion of other general creditors with claims who have awaited the equal distribution of the money through the operation of the trusteeship.

Mr. Gerlach may be very shrewd in his efforts to be a preferred creditor, but we are of the opinion that he can not, by any such trivial objection to the procedure of the court, place himself in the position of one who can secure to himself the funds that have been accumulated by the trustee for general trusteeship purposes, over and above the funds covered by his first attachment.

We are of the opinion that the court below was in error in reversing the action of the Municipal Court.

The judgment of the Common Pleas Court is reversed and the cause is remanded to the Municipal Court to carry into effect, through the trustee, the distribution of the funds in the hands of the trustee.

Judgment reversed.

HORNBECK, PJ. & BARNES, J., concur.